UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

MARK A. JACKSON                                                                                   PLAINTIFF

VERSUS                                                            CIVIL ACTION NO. 2:04CV384-KS-RHW

CHRISTOPHER EPPS, et al                                                                    DEFENDANTS

### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Before the Court is Defendant Correctional Medical Services' Motion for Summary Judgment and to dismiss Plaintiff's 42 U.S.C. § 1983 civil rights complaint. The other Defendants, Christopher Epps, Nina Enlers, and Ripling Wrinkley, have joined in the Motion for Summary Judgment.

### Factual Background

On April 21, 2004, Plaintiff suffered a heart attack. He alleges that he was denied timely medical care for treatment of the heart attack. With respect to Defendant Correctional Medical Services, Plaintiff alleges that they should have treated him in a more timely fashion by having a doctor on location and by having 24-hour onsite ambulance service. Plaintiff alleges that Defendant Epps, as Commissioner of the Mississippi Department of Corrections, bears ultimate responsibility for providing 24-hour onsite ambulance service. Plaintiff further alleges that Defendant Enlers violated his constitutional rights because she accused him of faking an illness and ordered him to get up off of the ground and get into a wheelchair at the time of the incident. Plaintiff also alleges that Defendant Wrinkley violated his constitutional rights because Wrinkley failed to inform the medical staff of Plaintiff's "dry mouth" condition, which he alleges was a symptom of the heart attack.

Based on Plaintiff's allegations, the medical records submitted in support of summary judgment, and affidavits from Dr. Jerry Welch and Dr. Hugo Quintana, the following time line describes the course of treatment provided to Plaintiff.  Plaintiff reported to the infirmary at 4:10 a.m. for laboratory work.  Upon returning to his prison cell, he became weak and laid down on the floor complaining of chest pain.  At 5:19 a.m., the nurse gave him nitroglycerin.  At 5:24 a.m. and 5:29 a.m., Plaintiff was given additional nitroglycerin.  At 5:25 a.m., emergency room personnel called Dr. Welch regarding Plaintiff's condition.  Dr. Welch arrived at 7:10 a.m. and examined Plaintiff.  At 7:22 a.m., Dr. Welch concluded that Plaintiff showed signs of a possible heart attack.  Medical personnel contacted the ambulance service, which was located three miles from the prison, to transport Plaintiff to George County Hospital.  By 8 a.m., the ambulance was in transit with Plaintiff to George County Hospital.  At 8:30 a.m., Plaintiff arrived at George County Hospital.  He was treated with medication and eventually sent to the Singing River Hospital, where Dr. Quintana examined Plaintiff.  Dr. Quintana diagnosed a heart attack and performed an angioplasty at 10:56 a.m.  Plaintiff remained at Singing River Hospital until April 25, 2004, when he was discharged and returned to SMCI.  He remained at the SMCI infirmary until April 27, 2004.  Plaintiff continued to have follow-up examinations with Dr. Quintana in the months following the heart attack.

## **Law and Analysis**

Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Where "the summary

judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552." *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment". *Id.* at 709. However, once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111, 114 (5th Cir. 1978).

To state a constitutional claim for denial of adequate medical care, Plaintiff must demonstrate that Defendants were deliberately indifferent to Plaintiff's serious medical needs, such that it constituted an unnecessary and wanton infliction of pain. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A prison official is not liable for the denial of medical treatment unless the

official knows of and disregards an excessive risk to inmate health or safety. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). An allegation of malpractice or mere negligence is insufficient to state a claim. *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999). Moreover, the fact that a prisoner disagrees with the type of medical treatment does not constitute a constitutional deprivation. *Norman v. Dimazana*, 122 F.3d 286, 192 (5th Cir. 1997).

      The Defendants have demonstrated the absence of a genuine issue of material fact. The medical records, along with affidavits from Drs. Welch and Quintana, demonstrate that Defendants were not deliberately indifferent to Plaintiff's medical needs. Rather, Plaintiff was treated with medication immediately upon his report of chest pains. Medical personnel then provided Plaintiff with an ongoing course of treatment throughout the morning of April 21, 2004, including transporting Plaintiff to an outside hospital for treatment and surgery. Once Dr. Welch examined Plaintiff and determined that Plaintiff was having a heart attack, a nearby ambulance service was contacted to transport Plaintiff to the hospital. Plaintiff does not possess a constitutional right to have 24-hour a day, onsite ambulance service at the prison facility. Plaintiff's only real complaint about the treatment is that it could have occurred more quickly and would have occurred more quickly if the prison had 24-hour onsite ambulance service. In essence, Plaintiff disputes the method and pace of treatment, not whether it was deliberately indifferent. He questions the competence of the medical staff in treating his condition, not that they disregarded his condition. In fact, he argues in his response to summary judgment that the SMCI medical personnel lacked the medical knowledge and equipment to treat his condition. Plaintiff's allegations are insufficient to make out a claim for constitutionally inadequate medical care. *See Stewart v. Murphy*, 174 F.3d 530, 537 (5th Cir. 1999); *Varnado v. Lynaugh*, 920 F.2d

320, 321 (5th Cir. 1991).

Plaintiff also has named Defendants Epps, Enlers, and Wrinkley in his lawsuit. However, he has not alleged conduct by any of these Defendants for the denial of medical treatment. Plaintiff alleges that Defendant Enlers made a disparaging comment about Plaintiff's weight and accused Plaintiff of faking an illness. She also ordered Plaintiff to get up off of the floor and into the wheelchair that was brought for his assistance. Enlers' disparaging comment about Plaintiff's weight, if true, is regrettable but does not state a constitutional violation. Although she may have been rude to Plaintiff, Enlers was not deliberately indifferent to his medical condition. Rather, Plaintiff was taken to the infirmary based on his complaints of chest pain.

According to Plaintiff, Defendant Wrinkley should have informed the nurses that Plaintiff was complaining of a dry mouth. Defendant Wrinkley apparently is not a doctor or member of the medical staff. Regardless, there is no allegation or evidence that Wrinkley knew Plaintiff was having a heart attack, only that he knew Plaintiff had a dry mouth.

As for Defendant Epps, he appears to be sued only in his supervisory capacity, which fails to state a cause of action under § 1983. *See Doe v. Taylor Indep. School Dist.*, 15 F.3d 443, 452 (5th Cir. 1994) (en banc); *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). Any claims against Epps in his individual capacity must be based on "direct acts or omissions . . . not the acts of subordinates." *Coleman v. Houston Indep. School Dist.*, 113 F.3d 528, 534 (5th Cir. 1997). Moreover, Epps' failure to provide 24-hour onsite ambulance service does not state a constitutional claim.

### **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Defendants' Motion for

Summary Judgment be granted and that Plaintiff's lawsuit be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within ten (10) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 2nd day of March, 2006.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE
