IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

MARK A. JACKSON, #83365

VS.                                                CIVIL ACTION NO. 2:04cv384-KS-JMR

CHRISTOPHER EPPS, NINA ENLERS,
CORRECTIONAL MEDICAL SERVICES AND
RIPLING WRINKLEY

MEMORANDUM, OPINION AND ORDER

This matter is before the Court on Motion for Summary Judgment filed by Correctional Medical Services, Inc., [33], Joinder in said Motion for Summary Judgment by separate defendants Christopher Epps, Nina Enlers and Ripling Wrinkley [40], Response in Opposition to Motion #33 filed by Mark A. Jackson and Response in Opposition to Motion #40 filed by Mark A. Jackson, Reply to Mark A. Jackson's opposition filed by Correctional Medical Services, the Report and Recommendations of United States Magistrate Judge Robert H. Walker entered in this cause on March 2, 2006, and no opposition having been filed to same by Mark A. Jackson, and the Court after thoroughly reviewing the findings and the Report and Recommendation, in addition to the positions of the plaintiff advanced in his Response to the Motion for Summary Judgment, the Court finds that the Report and Recommendation should be adopted as the finding of this Court for the reasons that follow.

FACTUAL BACKGROUND

On April 21, 2004, Plaintiff suffered a heart attack. In his complaint he alleges that he was denied timely medical care for treatment of the heart attack. He alleges that Correctional

1

Medical Services should have treated him in a more timely fashion and should have had a doctor on location and a twenty-four hour ambulance service on location. The Plaintiff was an inmate at the South Mississippi Correctional Institute in Greene County, Mississippi. Plaintiff further alleges that Commissioner Epps bears the ultimate responsibility for providing twenty-four hour on site ambulance service and that Defendant Enlers violated his constitutional rights because she accused him of faking an illness and ordered him to get up off of the ground and get into a wheelchair at the time of the heart attack. Plaintiff also alleges that Defendant Wrinkley also violated his constitutional rights by failing to inform the medical staff of Plaintiff's "dry mouth" condition, which Plaintiff alleges was a symptom of the heart attack.

There has been no objection filed to the Report and Recommendation by Mark A. Jackson, but, nevertheless, this Court has reviewed all of the pleadings filed by the Plaintiff and Defendants, as well as the applicable law pertaining to the complaint of Plaintiff. Based on the medical records and the affidavits from Dr. Jerry Welch and Dr. Hugo Quintana, the Court has determined that the sequence of events as set forth in the Report and Recommendation of Judge Walker is correct and that on April 21, 2004, the Plaintiff did, in fact, suffer a heart attack while an inmate at the South Mississippi Correctional Institution. He reported to the infirmary at 4:10 a.m. and, following a sequence of events described in the Report and Recommendation, ultimately arrived at George County Hospital at 8:30 a.m. and had an angioplasty at Singing River Hospital in Pascagoula at 10:56 a.m. He was later discharged and returned to the infirmary at S.M.C.I. where he stayed until April 27, 2004. He has continued to have follow up examinations for the heart condition and other medical events as described in the medical records.

The law and analysis as set forth in the Report and Recommendation correctly states the applicable case law to a Motion for Summary Judgment under Rule 56(c). There is no further need for this Court to belabor the standard for summary judgment, as it is stated in the Report and Recommendation and not opposed by the Plaintiff.

Plaintiff's allegations are insufficient to make out a claim for constitutionally inadequate medical care.  See *Stewart v. Murphy*, 174 F. 3d 530, 537 (5th Cir. 1999); *Varnado v. Lynaugh*, 930 F. 2d 320, 321 (5th Cir. 1991).  The Plaintiff further has named Commissioner Epps with only being involved in a supervisory capacity and there are no allegations against the Commissioner in his individual capacity, which is the standard for a § 1983 claim.

This Court finds that the allegations of the Plaintiff fail to state a constitutional violation for the reasons set forth in the Report and Recommendation.

## ORDER

IT IS, THEREFORE, ORDERED AND ADJUDGED that the Defendants' Motions for Summary Judgment [33][40] should be **sustained.**

IT IS FURTHER ORDERED AND ADJUDGED that the Report and Recommendation of U.S. Magistrate Judge Robert H. Walker entered on March 2, 2006, should be and is hereby adopted as the finding of this Court.

All other motions pending are deemed to be moot.

A separate Judgment will be entered herein in accordance with this order as required by Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED on this, the 14th day of June, 2006.

*s/ Keith Starrett*

UNITED STATES DISTRICT JUDGE